IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID LEE MAHONE, SHANIA RENEE MAHONE, and DE'ANGELO JACKSON, as dependents and heirs of DAVID LEE WHITE, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>R.R. DAWSON BRIDGE CO., LLC, MILLER FORMLESS CO., INC., and SAMUEL POYNTER,<br><br>Defendants. | CIVIL ACTION NO. 2:14-cv-99-WHA |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This action is before the court on a Motion to Remand (Doc. # 4) filed on March 3, 2014 by the Plaintiffs, David Lee Mahone, Shania Renee Mahone, and De'Angelo Jackson, as dependents and heirs of David Lee White, deceased.

Shania and David Mahone originally filed a Complaint in this case in the Circuit Court of Montgomery County, Alabama on January 11, 2014.[1] The Complaint includes state-law claims for wrongful death by dependents and heirs (Count I), negligence or wantonness causing wrongful death (Count II), willful failure to provide a safe workplace and willful and intentional allowing or directing employees to use a damaged and defective wagon lift (Count III), willful

---
[1] De'Angelo Jackson, a third dependent child of David White, was added as a Plaintiff on January 27, 2014. (Doc. # 1-1 at 79).

and intentional removal of a safety guard or device (Count IV), and worker's compensation (Count Five).

On February 19, 2014, Defendant Miller Formless Co., Inc. ("Miller Formless") timely removed the case to this court on the basis of diversity jurisdiction, alleging that the individual defendant Samuel Poynter ("Poynter"), a resident of the State of Alabama, had been fraudulently joined as a defendant to defeat this court's jurisdiction. Further, Miller Formless filed a Motion to Sever and for Partial Remand on March 21, 2014, alleging that the Plaintiffs' Worker's Compensation claim against R.R. Dawson Bridge Co., LLC had been fraudulently joined with the claim against Miller Formless to defeat this court's jurisdiction.

For reasons to be discussed, the Motion to Remand is due to be GRANTED.

## II. MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

## III. FACTS

The Plaintiffs allege the following facts:

On or about January 8, 2014, David Lee White ("White") was employed by Defendant R.R. Dawson Bridge Company, LLC ("R.R. Dawson")[2] and, in the line and scope of his employment, was working on a bridge construction project on Interstate Highway 85 in Montgomery County, Alabama. On that date, White was working in a wagon lift manufactured and designed by Miller Formless,[3] and Poynter[4] was a supervising co-employee of White. While White was 90 feet above the ground in the lift, the lift failed. White fell to the ground and was killed. David and Shania Mahone[5] and De'Angelo Jackson[6] are dependents and heirs of White.

## IV. DISCUSSION

In its Notice of Removal, Miller Formless asserts a single ground, i.e. that Poynter was fraudulently joined to defeat this court's diversity jurisdiction. Specifically, Miller Formless argues that the conclusory allegations contained in the Complaint are insufficient to satisfy federal pleading standards and that, as a result, "the Plaintiffs cannot prove a cause of action against Defendant Samuel Poynter." (Doc. # 1 ¶ 9). In their Motion to Remand, while Plaintiffs argue several grounds for remand, as to the asserted basis for removal Plaintiffs argue that

---

[2] Miller Formless asserts that R.R. Dawson "is a foreign limited liability company, organized in the State of Kentucky . . . with its principal place of business in Kentucky." (Doc. # 1 ¶ 5). By contrast, the Complaint alleges that R.R. Dawson's principal place of business is in Alabama. (Doc. # 1-5 ¶ 3). The court need not address this apparent conflict because, for reasons to be discussed, Poynter is not fraudulently joined, and the case is due to be remanded regardless of R.R. Dawson's citizenship.

[3] Miller Formless "is a foreign corporation, formed in the State of Illinois with its principal place of business in Illinois." (Doc. # 1 ¶ 6); *see also* (Doc. # 1-5 ¶ 4).

[4] Poynter is a resident of Alabama. (Doc. # 1-5 ¶ 5).

[5] The Mahones are residents of Alabama. (Doc. # 1-5 ¶¶ 1–2).

[6] De'Angelo Jackson is a Texas resident. (Doc. # 1-1 at 79).

Poynter was not fraudulently joined because the Plaintiffs adequately alleged willful conduct by Poynter under Alabama pleading standards. In response, Miller Formless argues that "the Plaintiffs['] theory of liability against Samuel Poynter is theoretical[] at best" and that "[t]hey have failed to set forth any facts which would indicate a possibility of recovery against Poynter." (Doc. # 8 ¶ 14) (emphasis omitted).

"Except as otherwise expressly provided by Act of Congress," a defendant may remove from state court any civil case that could have originally been brought in federal court. 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

If joinder is "fraudulent," then removal may still be appropriate. *Id.* "To establish fraudulent joinder, 'the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (alteration in original) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). In a third situation, joinder may be fraudulent "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287.

As noted earlier, Miller Formless has asserted only the first ground for establishing fraudulent joinder. (Doc. # 1 ¶ 9). The defendant has a heavy burden, and "[t]o determine

4

whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538. But, if the defendant is found to have been fraudulently joined, "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

A state court might find that the Plaintiffs in this case have sufficiently pled a claim against Poynter, and thus this case must be remanded for lack of diversity jurisdiction. "To determine whether it is possible that a state court would find that the complaint states a cause of action, [this court] must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court." *Stillwell*, 663 F.3d at 1334 (11th Cir. 2011). Alabama has not adopted heightened pleading standards of the federal courts; rather, Alabama's traditional notice-pleading standards are still in effect. *See Crum v. Johns Manville, Inc.*, 19 So. 3d 208, 212 n.2 (Ala. Civ. App. 2009) ("Our supreme court has adopted the standard set forth in *Conley v. Gibson* . . . for the dismissal of claims under Rule 12(b)(6), Ala. R. Civ. P. Until such time as our supreme court decides to alter or abrogate this standard, we are bound to apply it, the United States Supreme Court's decision in *Twombly* . . . notwithstanding."); *see also G.L.S. & Assocs., Inc. v. Rogers*, 213022, 2014 WL 1978846, at *4 (Ala. Civ. App. May 16, 2014) (applying the *Conley* standard to a motion to dismiss under Alabama law). Thus, the issue is whether there is no possibility that a state court could find that the Plaintiffs have sufficiently alleged a claim against Poynter under Alabama's notice-pleading standards. *See Stillwell*, 663 F. 3d at 1334–35 ("[I]t is, at the very least, possible that a Georgia state court would conclude that Stillwell's allegations against Edwards satisfied [Georgia's notice-pleading] standard.");

*Henderson*, 454 F.3d at 1283 ("[W]e are unable to say that there is 'no possibility' that the Alabama state court would find that Henderson has sufficiently pled a case for tolling.").

Under Alabama law, "the purpose of notice pleading is to provide defendants adequate notice of the claims against them." *Ex parte Int'l Ref. & Mfg. Co.*, 972 So. 2d 784, 789 (Ala. 2007). "It is never proper [under Alabama pleading standards] to dismiss a complaint if it contains even a generalized statement of facts which will support a claim for relief under [Alabama Rule of Civil Procedure] 8." *Dunson v. Friedlander Realty*, 369 So. 2d 792, 796 (Ala. 1979). Thus, in assessing the sufficiency of a complaint under Alabama law, Alabama courts apply the rule from *Conley v. Gibson* "'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45 (1957)).

Reviewing the Complaint in this case, this court is unable to say that there is "no possibility" that an Alabama state court would find that the Plaintiffs have pled a sufficient claim against Poynter. In particular, in Count Four of the Complaint, the Plaintiffs allege that "Samuel Poynter . . . willfully, wantonly, negligently and/or intentionally removed from a machine a safety guard and/or safety devise [sic] provided by the manufacturer of the machine with knowledge that injury or death would likely or probably result from the removal." (Doc. # 1-5 ¶ 31).[7] Moreover, the Plaintiffs allege that Poynter "is a supervisory co-employee of decedent

---

[7] In ruling on this motion, the court presumes that Plaintiffs' counsel has acted in compliance with Rule 11 of the Alabama Rules of Civil Procedure in the belief that there is good ground to support this allegation. *See generally Burns*, 31 F.3d at 1095 ("Every lawyer is an officer of the court. And, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal. So, plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth. . . . We will . . . presume that, because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the

David Lee White and is also employed at R.R. Dawson Bridge Company, LLC in Bessemer, Alabama." (*Id.* ¶ 5). These allegations fit the language of Ala. Code § 25-5-11(b), which "grants employees a cause of action for injuries resulting from the 'willful conduct' of their co-employees," and the language of Ala. Code § 25-5-11(c)(2), which defines "willful conduct" as including certain removals of a safety device. *Blackwood v. Davis*, 613 So. 2d 886, 887 (Ala. 1993). Based on these allegations, and in light of Alabama's liberal pleading standards, the court finds that a state court could determine that these allegations, at least, provide sufficient notice to Poynter as to satisfy Alabama Rule of Civil Procedure 8. In particular, a state court could determine that these allegations "provide defendants adequate notice of the claims [under Ala. Code § 25-5-11] against them." *Ex parte Int'l Ref. & Mfg. Co.*, 972 So. 2d at 789. As a result, this court cannot say that there is "no possibility" that an Alabama state court would find that the Plaintiffs have pled a sufficient claim against Poynter. *See Stillwell*, 663 F. 3d at 1334–35; *Henderson*, 454 F.3d at 1283.

Because this court finds that there is at least some possibility that a state court might find that the Complaint in this case satisfies Alabama pleading standards, Poynter has not been fraudulently joined. *Henderson*, 454 F.3d at 1283. Further, because Poynter and the Mahones are Alabama citizens, complete diversity is lacking in this case. *Triggs*, 154 F.3d at 1287. As a result, this court lacks diversity jurisdiction, and the case is due to be remanded.[8]

---

counsel's choices and representations about damages have important legal consequences and, therefore, raise significant ethical implications for a court officer.").

[8] Because the court finds that the Motion to Remand is due to be granted on the basis for removal asserted in the Notice of Removal, the court need not reach the other issues raised by Miller Formless. Rather, as discussed, because Poynter was not fraudulently joined, this court lacks diversity jurisdiction, and the case is due to be remanded.

## V. CONCLUSION

The court finds that Defendant Poynter was not fraudulently joined in this action with the claims against Defendant Miller Formless, and thus this court lacks diversity jurisdiction. For the stated reasons,

It is hereby ORDERED as follows:

1. The Motion to Remand (Doc. # 4) is GRANTED.

2. This case is remanded to the Circuit Court of Montgomery County, Alabama, and the Clerk is DIRECTED to take appropriate action to effect the remand.

3. To the extent that the Defendant's Motion to Sever and for Partial Remand (Doc. # 9) is a Motion for Partial Remand, the Motion is DENIED AS MOOT.

4. To the extent that the Defendant's Motion to Sever and for Partial Remand (Doc. # 9) is a Motion to Sever, the Motion is left for disposition by the state court.

DONE this 22nd day of May, 2014.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE